ALEXANDER M. DUDELSON, ESQ.
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 Fax
Email: adesq@aol.com
*Attorney for Defendant Sukhumvit 51 Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

PATRICK AUSTIN,                                          1:24-cv-09997 (MMG)

                    Plaintiff,                    ANSWER WITH
                                 AFFIRMATIVE DEFENSES
           -against-                               AND COUNTERCLAIM

SUKHUMVIT 51 INC. and KANE & MOSS LLC,

                    Defendants.
----------------------------------------------------------------X

        Defendant, SUKHUMVIT 51 INC., by and through its attorney, ALEXANDER M.

DUDELSON, ESQ., allege as follows:

**NATURE OF THE CLAIMS:**

        1.      In answer to Paragraph 1 of the Complaint, admit that Plaintiff filed an "action,"

which speaks for itself, but lack information sufficient to form a belief as to the truth or falsity of

the additional allegations contained in Paragraph 1, and respectfully refer all questions of law to

this Honorable Court for its determination, and on this basis deny such additional allegations as

therein contained.

        2.      Deny the allegations contained in paragraph 2 of the Complaint, except admit that

Plaintiff purports to proceed as stated therein.

**JURISDICTION AND VENUE:**

3.    Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3, and respectfully refers all questions of law to this Honorable Court for its determination, and on this basis deny such additional allegations as therein contained.

4.    Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4, and respectfully refers all questions of law to this Honorable Court for its determination, and on this basis deny such additional allegations as therein contained.

**PARTIES:**

5.    Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5.

6.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9.    Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9, and respectfully refers all questions of law to this Honorable Court for its determination, and on this basis deny such additional allegations as therein contained.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION:**

10.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10, and respectfully refers all questions of law to this Honorable Court for its determination, and on this basis deny such additional allegations as therein contained.

11.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11, and respectfully refers all questions of law to this Honorable Court for its determination, and on this basis deny such additional allegations as therein contained.

12.     Defendant denies the allegation contained in Paragraph 12.

13.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13.

14.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14.

15.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15.

16.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16.

17.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17.

18.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18.

19.     Defendant denies the allegations contained in Paragraph 19 to the extent that the

Plaintiff attempted to access the premises.

20.    Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20.

21.    Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21.

22.    Defendant denies the allegations contained in Paragraph 22.

23.    Defendant denies the allegations contained in Paragraph 23.

24.    Defendant denies the allegations contained in Paragraph 24.

25.    Defendant denies the allegations contained in Paragraph 25.

26.    Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26.

27.    Defendant denies the allegations contained in Paragraph 27.

28.    Defendant denies the allegations contained in Paragraph 28.

29.    Defendant denies the allegations contained in Paragraph 29.

30.    Defendant denies the allegations contained in Paragraph 30.

31.    Defendant denies the allegations contained in Paragraph 31.

32.    Defendant denies the allegations contained in Paragraph 32.

33.    Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33.

34.    Defendant denies the allegations contained in Paragraph 34.

35.    Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35, and respectfully refers all questions of law to this

Honorable Court for its determination, and on this basis deny such additional allegations as therein contained.

36.     Defendant denies the allegations contained in Paragraph 36.

37.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37.

38.     Defendant denies the allegations contained in Paragraph 38.

## FIRST CAUSE OF ACTION:

39.     Defendant realleges and incorporates by reference its responses to all proceeding paragraphs as though fully set forth herein.

40.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40.

41.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41, and respectfully refers all questions of law to this Honorable Court for its determination, and on this basis deny such additional allegations as therein contained.

42.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42, and respectfully refers all questions of law to this Honorable Court for its determination, and on this basis deny such additional allegations as therein contained.

43.     Defendant denies the allegations contained in Paragraph 43.

44.     Defendant denies the allegations contained in Paragraph 44.

45.     Defendant denies the allegations contained in Paragraph 45.

46.    Defendant denies the allegations contained in Paragraph 46.

47.    Defendant denies the allegations contained in Paragraph 47.

48.    Defendant denies the allegations contained in Paragraph 48.

49.    Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 49, and respectfully refers all questions of law to this Honorable Court for its determination, and on this basis deny such additional allegations as therein contained.

50.    Defendant denies the allegations contained in Paragraph 50.

51.    Defendant denies the allegations contained in Paragraph 51.

52.    Defendant denies the allegations contained in Paragraph 52.

53.    Defendant denies the allegations contained in Paragraph 53.

54.    Defendant denies the allegations contained in Paragraph 54.

## SECOND CAUSE OF ACTION:

55.    Defendant realleges and incorporates by reference its responses to all proceeding paragraphs as though fully set forth herein.

56.    Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 56.

57.    Defendant denies the allegations contained in Paragraph 57.

58.    Defendant denies the allegations contained in Paragraph 58.

59.    Defendant denies the allegations contained in Paragraph 59.

60.    Defendant denies the allegations contained in Paragraph 60.

61.    Defendant lacks information sufficient to form a belief as to the truth or falsity of

the allegations contained in Paragraph 61.

62.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 62.

63.     Defendant denies the allegations contained in Paragraph 63.

64.     Defendant denies the allegations contained in Paragraph 64.

### THIRD CAUSE OF ACTION:

65.     Defendant realleges and incorporates by reference its responses to all proceeding paragraphs as though fully set forth herein.

66.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 66.

67.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 67, and respectfully refers all questions of law to this Honorable Court for its determination, and on this basis deny such additional allegations as therein contained.

68.     Defendant denies the allegations contained in Paragraph 68.

69.     Defendant denies the allegations contained in Paragraph 69.

70.     Defendant denies the allegations contained in Paragraph 70.

71.     Defendant denies the allegations contained in Paragraph 71.

72.     Defendant denies the allegations contained in Paragraph 72.

73.     Defendant denies the allegations contained in Paragraph 73.

74.     Defendant denies the allegations contained in Paragraph 74.

75.     Defendant denies the allegations contained in Paragraph 75.

76.    Defendant denies the allegations contained in Paragraph 76.

77.    Defendant denies the allegations contained in Paragraph 77.

### FOURTH CAUSE OF ACTION:

78.    Defendant realleges and incorporates by reference its responses to all proceeding paragraphs as though fully set forth herein.

79.    Defendant denies the allegations contained in Paragraph 79.

80.    Defendant denies the allegations contained in Paragraph 80.

### INJUNCTIVE RELIEF:

81.    Defendant denies the allegations contained in Paragraph 81.

82.    Defendant denies the allegations contained in Paragraph 82.

83.    Defendant denies the allegations contained in Paragraph 83.

### DECLARATORY RELIEF:

84.    Defendant denies the allegations contained in Paragraph 84.

### ATTORNEY'S FEES, EXPENSES AND COSTS:

85.    Defendant denies the allegations contained in Paragraph 85.

### FIRST AFFIRMATIVE DEFENSE:

86.    The Complaint, in whole or in part, fails to state a cause of action upon which relief can be granted because, among other things, the allegation in the Complaint fail to set forth adequate support of prima facie case based upon discrimination based on disabilities.

### SECOND AFFIRMATIVE DEFENSE:

87.    Plaintiff is a vexatious litigant who has numerous lawsuits with the same boilerplate allegations. Defendant should not be required to pay attorney's fees for an alleged

violation that may have been cured without the necessity of a lawsuit and this Court's resources.

### THIRD AFFIRMATIVE DEFENSE:

88.    Plaintiff has demanded modifications to the property, which are either not readily achievable, technically infeasible, or not required under the ADA, which would create an undue hardship on the Defendant, and/or which would fundamentally alter the way that goods and services are provided at the property.

### FOURTH AFFIRMATIVE DEFENSE:

89.    To the extent that Plaintiff has failed to satisfy conditions precedent prior to filing suit, his claims are barred as a matter of law.

### FIFTH AFFIRMATIVE DEFENSE:

90.    To the extent that Plaintiff does not have standing to bring this action, the Complaint must be dismissed in its entirety.

### SIXTH AFFIRMATIVE DEFENSE:

91.    To the extent that improvements to bring the subject property into compliance were underway in advance of the instant lawsuit, and such improvements were not in any way a result of, or related to, the present litigation or any threat of litigation, Plaintiff's Complaint should be dismissed.

### SEVENTH AFFIRMATIVE DEFENSE:

92.    To the extent that Plaintiff is not the prevailing party in this action, he is not entitled to recover costs, expenses, or attorney's fees, including expert fees and costs, from the Defendant.  Moreover, Plaintiff is not entitled to recover any costs, expenses, or attorneys fees, including expert fees and costs, from the Defendant to the extent that the process to undertake

improvements to bring the subject property into compliance were underway prior to the filing of this action, and were not in any way the result of or related to the present litigation or any threat of the litigation.

## EIGHTH AFFIRMATIVE DEFENSE:

93.    The subject property is substantially in compliance with its obligations under the ADA.

94.    Plaintiff lacks an investigation report and the allegations are based solely on speculation.

## NINTH AFFIRMATIVE DEFENSE:

95.    Plaintiff's claims are barred to the extent that the barrier removal plaintiff seeks involve features of the location that were built before January 26, 1993 and were not "alterations" within the meaning of the ADA or Title 24 and/or they do not trigger and "alteration" legal standard, including because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

96.    Plaintiff's claims that the location was designed in violation of the ADA or Title 24 are barred to the extent that the location was designed and constructed before the effective date of the ADA, Title 24, or their regulations.

## TENTH AFFIRMATIVE DEFENSE:

97.    Defendant reserves the right to assert additional defenses or claims, which may become known during the course of discovery.

## AS AND FOR A FIRST COUNTERCLAIM:

As for counterclaims against Plaintiff, defendant SUKHUMVIT 51, INC. alleges, upon

information and belief:

1.      That, upon information and belief, since 2024 alone within the Souther District of New York, plaintiff has filed or caused to be filed or commenced at least 20 identically pled ADA actions.

2.      The filing of the within action by plaintiff constitutes an abusive pattern of annoyance and harassment in that the action was not filed to redress any injury sustained by Plaintiff as a result of Defendant's alleged conduct, but rather the action was manufactured and filed primarily to harass and annoy defendant and tax the resources of this Court.

3.      Plaintiff does not have standing under *Calcano v. Swarovski North America Ltd.,* 36 F.4th 68 (2d Cir. 2022).

4.      Plaintiff invokes magic verbiage within his complaint in an effort to evade this Court's jurisdictional scrutiny recently fortified by the Second Circuit in *Calcano*, *e.g.*, that he has visited the establishment in the past and plans to return.

5.      Post-*Calcano*, courts need no longer "sit idly by as plaintiffs' attorneys [] exploit[] the ADA for financial gain" on the backs of small businesses, particularly post-Covid-19. *Phillips v. 180 Bklyn Livingston, LLC*, No. 17-cv-325 (BMC), 2017 WL 2178430, at * 2 (EDNY May 17, 2017).

6.      Indeed, courts need not "ignore the broader context" of plaintiff's "transparent cut-and-paste and fill-in-the-blank pleadings", a "backdrop of plaintiff's Mad-Libs-style" of pleadings that "further confirms the implausibility of [his] claims of injury (*Calcano*, 36 F.4th at 77).

7.      The specter of implausibility of plaintiff's claim is further underscored by the

multitude of virtually identically plead complaints in the Eastern District of New York alone, all of which follow a familiar pattern and playbook.

8.    The within action by Plaintiff, therefore, was not filed in good faith and with a reasonable belief as to the facts asserted therein, since Plaintiff knew that he has not sustained any injuries, lacks standing, has never actually visited the premises, and that any injuries claimed to have been sustained were not due to Defendant's actions or inactions, that he in fact has sustained no injury, and has commenced, filed and caused to be filed this latest in a string of virtually identically plead actions for purposes other than to seek legal redress.

9.    Thus, as this answering defendant has retained the law office of Alexander M. Dudelson, and has agreed to pay it a reasonable fee for its services. Pursuant to 28 U.S. C. § 1927, 42 U.S.C. §12205, and 42 U.S. Code § 2000a–3(b) (based upon Plaintiff's demand for injunctive relief), Defendant is entitled to recover attorneys' fees and costs incurred in this action in the event it is deemed a prevailing party in this action, or otherwise demonstrate entitlement to fees under said statutes.

10.    Accordingly, this answering defendant respectfully requests that the Court enter judgment against plaintiff, in favor of this answering defendant, for an award of counsel fees, costs and disbursements, together with such further and different relief as the Court may deem just and proper.

11.    Defendant has been harmed by Plaintiff's willful act in that it has and/or will have incurred attorneys' fees, costs and disbursements, in the defense of this action necessitated by the foregoing.

WHEREFORE, Defendant respectfully requests that:

a.       The complaint be dismissed.

b.       Defendant recover judgment against plaintiff on its counterclaim for damages comprising reasonable attorneys' fees, costs and disbursements, in an amount to be determined by the court at a future hearing date.

c.       Defendant to be awarded fees, costs and disbursements against plaintiff; and

d.       Defendant to be granted such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
        March 17, 2025

/S/ Alexander M. Dudelson
ALEXANDER M. DUDELSON, ESQ. (AD4809)
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 Fax
Email: adesq@aol.com
*Attorney for Defendant SUKHUMVIT 51 INC.*

To:

**Via ECF**
Gabriel A. Levy, P.C.
*Attorneys for Plaintiff*

-13-